# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**CARL G. LINDSEY,**

      **Petitioner,**

**v.**                              **Case No. 1:03-cv-702**
                                                **JUDGE EDMUND A. SARGUS, JR.**
**MARGARET BRADSHAW, Warden,**     **Magistrate Judge Elizabeth P. Deavers**

      **Respondent.**

## ORDER

      Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of three motions by Petitioner to stay and abey consideration of his Eleventh and Twelfth Grounds for Relief. (ECF Nos. 106, 109, 112.) Respondent opposes each motion. (ECF Nos. 108, 110, 113.) Also before the Court is a Notice of Status that Petitioner filed on March 17, 2014. (ECF No. 114.)

      On July 5, 2012, this Court issued an Opinion and Order granting Petitioner leave to amend his Petition to add grounds eleven and twelve. (ECF No. 94.) Petitioner filed his Second Amended Petition on August 3, 2012. (ECF No. 95.) Petitioner's new claims respectively allege that Ohio's execution policy, procedures, and practices violate Petitioner's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

      At the time Petitioner filed his original motion for a stay on September 6, 2013, the basis underlying his request was Ohio's announced intention to issue a new execution protocol no later than October 4, 2013. (ECF No. 106.) In his October 25, 2013 supplemental motion for a stay,

1

Petitioner advised the Court that Ohio had indeed on October 10, 2013 adopted a new execution protocol and Petitioner requested sixty (60) days from the effective date of the protocol to amend his eleventh and twelfth grounds for relief. (ECF No. 109.) On January 10, 2014, Petitioner filed a second motion for a stay, requesting sixty (60) days from the date of the first execution under the new protocol—the January 16, 2014 execution of Dennis McGuire—to amend Petitioner's eleventh and twelfth grounds for relief. (ECF No. 112.) Petitioner on March 17, 2014 filed a Notice explaining that although sixty days had passed since the January 16, 2014 execution of Dennis McGuire, Petitioner was unable to file any amendments to grounds eleven and twelve because an investigation by the Ohio Department of Rehabilitation and Correction ("ODRC") into the McGuire execution was ongoing.

Petitioner is correct that the October 10, 2013 execution protocol expressly supersedes the protocol dated September 18, 2011. Thus, as Petitioner appears to recognize, his eleventh and twelfth grounds for relief target an execution protocol that no longer exists. That must be remedied; but when and how is un-knowable at this time.

Specifically, Petitioner is also correct that on January 16, 2014, the State of Ohio executed inmate Dennis McGuire pursuant to the October 10, 2013 execution protocol. ODRC is presently conducting an investigation into circumstances surrounding the McGuire execution, creating uncertainty about the continued viability of the October 10, 2013 protocol. That ongoing investigation inarguably creates uncertainty about the continued viability of the October 10, 2013 protocol. (*In Re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, at ECF No. 428-1.)

The Court recognizes that any amendments to Petitioner's eleventh and twelfth grounds

2

for relief will be affected by the contents of any report or reports produced by ODRC's as-yet-not-completed investigation into the January 16, 2014 execution of Dennis McGuire. The Court also recognizes that Petitioner will require a certain period of time after the issuance of any report or reports that result from the investigation of the McGuire execution to file any amendment or supplement to Petitioner's eleventh and twelfth grounds for relief. Because the Court has not granted—and is in no position to grant—any discovery on these method-of-execution claims, it is not for this Court to require Respondent to provide Petitioner or the Court with any report or reports that result from ODRC's investigation into the McGuire execution. Rather, it is incumbent upon Petitioner to obtain any such report(s).

The Court accordingly **DIRECTS** Petitioner, within sixty (60) days of the date the State of Ohio releases any and all reports that result from the investigation into the McGuire execution, to file any amendment or supplement to Petitioner's eleventh and twelfth grounds for relief. Respondent shall have thirty (30) days to file an amended Return of Writ. Petitioner shall have thirty (30) days to file an amended Traverse/Reply.

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Stay and Abey Consideration of his Eleventh and Twelfth Grounds for Relief (ECF No. 106), Petitioner's Supplemental Motion to Stay and Abey Consideration of his Eleventh and Twelfth Grounds for Relief (ECF No. 109), and Petitioner's Second Motion to Stay and Abey Consideration of his Eleventh and Twelfth Grounds for Relief (ECF No. 112).

**IT IS SO ORDERED.**

3-26-2014

**EDMUND A. SARGUS, JR.**
**United States District Judge**