IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL LINDSEY,

    Petitioner,

v.

CHARLOTTE JENKINS, Warden,

    Respondent.

Case No. 1:03-cv-702
CHIEF JUDGE SARGUS
Magistrate Judge Deavers

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Motion for Authorization to Appear in Ancillary State Court Litigation. (ECF No. 136.) Specifically, Petitioner requests authorization for habeas counsel to represent him in the filing of a successive postconviction petition so that he may exhaust a claim pursuant to *Hurst v. Florida*, 136 S.Ct. 616 (2016), challenging the constitutionality of Ohio's capital sentencing procedures as they were applied to Petitioner. (*Id.* at PageID 2166.)

This Court originally appointed counsel to represent Petitioner in these habeas proceedings pursuant to 21 U.S.C. § 848(q)(4)(B), which is now recodified at 18 U.S.C. § 3599(a)(2). Petitioner is now represented by Attorney Carol Wright of the Office of the Federal Public Defender, Southern District of Ohio, Capital Habeas Unit. (ECF Nos. 99, 126.) In the instant motion, Attorney Wright seeks to have this Court expand the scope of her federal appointment to include the preparation and litigation of Petitioner's second state postconviction petition. (ECF No. 136.)

The issue before the Court is whether 18 U.S.C. § 3599 authorizes the expansion of habeas

1

counsel's appointment so counsel may represent Petitioner in a successive state-court postconviction proceeding wherein Petitioner seeks to exhaust a *Hurst* claim. Section 3599(a)(2) authorizes the Court to appoint "one or more attorneys" to represent a defendant attacking a state sentence of death in federal habeas proceedings, and § 3599(e) describes the scope of that appointment as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that § 3599(e)'s reference to "proceedings for executive or other clemency as may be available to the defendant" encompasses state clemency proceedings. The Supreme Court rejected arguments that the statute was intended to furnish representation in only federal proceedings but made clear that counsel's representation pursuant to the statute includes only those proceedings transpiring "subsequent" to his or her appointment. *Harbison*, 556 U.S. at 188. The Supreme Court also rejected the Government's argument that the Court's interpretation of the statute would require a lawyer who succeeded in setting aside a death sentence during postconviction proceedings to represent that client during an ensuing state retrial, opining that "[w]hen a retrial occurs after postconviction relief, it is not properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Id.* at 189. With respect to state postconviction proceedings, the Court noted that "[p]etitioners must exhaust their claims in state court before

2

seeking federal habeas relief, and the fact that state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner failed to exhaust does not change the order of proceedings contemplated by the statute." *Id.* at 189-90 (internal citation omitted). However, the Court offered an exception to its holding, and observed in a footnote that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim [in the state courts] in the course of her federal habeas representation." *Id.* at 190, n.7.

In *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2009), the Sixth Circuit applied *Harbison* to deny a habeas petitioner's request to expand his counsel's representation to include a state postconviction proceeding where state law provided for the appointment of counsel. In so doing, the Sixth Circuit affirmed a Tennessee district court's decision authorizing habeas counsel to represent the petitioner in his clemency proceedings, but denying his request for counsel to also represent him in his postconviction and competency to be executed proceedings in state court. *Id.* at 291. In so ruling, the Court noted that "Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds." *Id.* at 292. Furthermore, the Court determined that "even if § 3599 would otherwise apply to Irick's state post-conviction proceedings, he would not be eligible for federal funding because state law affords him adequate representation." *Id. See also Conway v. Houk*, No. 3:07cv345 (S.D. Ohio July 8, 2015) (ECF No. 219, PageID 15605) (finding in light of *Harbison* and *Irick*, a federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state post-conviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation").

3

In this case, the Court has denied Petitioner's request to amend his habeas petition in order to set forth a *Hurst* claim. (ECF No. 147.) This Court concluded that *Hurst* does not invalidate Ohio's capital sentencing scheme, thereby making amendment futile, and the Court further determined *Hurst* does not apply on collateral review. (*Id.*, at PageID 2411.) Because this Court has determined that Petitioner is not entitled to amend his petition in order to set forth a *Hurst* claim, the Court will not exercise its discretion to permit federally funded habeas counsel to litigate and exhaust the *Hurst* claim in state court. This Court cannot conclude that the state petition will raise issues that are cognizable in habeas corpus, or that will be "pleaded in a habeas petition . . . ." *Conway v. Houk*, No. 3:07cv345 (S.D. Ohio July 8, 2015) (ECF No. 219, PageID 15605). Accordingly, the Court **DENIES** Petitioner's request to expand the appointment of habeas counsel, ECF No. 136.

*IT IS SO ORDERED.*

EDMUND A. SARGUS, JR.
Chief United States District Judge

Date: 9-26-2017