IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL LINDSEY,

    Petitioner,

v.

CHARLOTTE JENKINS, Warden,

    Respondent.

Case No. 1:03-cv-702
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner Carl Lindsey, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Lindsey's Supplemental Memorandum in Support of his Renewed Motion to File an Amended Petition (ECF No. 144), in which Lindsey seeks leave to file an amended habeas petition to revise his method-of-execution claims, and Respondent-Warden's Memorandum in Opposition (ECF No. 145). For the following reasons, Lindsey's Supplemental Memorandum (ECF No. 144) is **DENIED**.

### Procedural History

Lindsey filed his initial Petition on October 10, 2003 (ECF No. 9), and an Amended Petition withdrawing some claims on January 13, 2005 (ECF No. 38). It was on March 8, 2012 that Lindsey first sought leave to amend his Petition to add ground eleven, raising an Eighth Amendment challenge to Ohio's lethal-injection execution protocol, and ground twelve, raising a Fourteenth Amendment Equal Protection challenge to the same. (ECF No. 90.) The Court granted that motion on July 5, 2012 (ECF No. 94), concluding among other things that Lindsey's

proposed claims did not run afoul of the habeas corpus statute of limitations, 28 U.S.C. § 2244(d)(1), and that Lindsey's claims were cognizable in habeas corpus pursuant to *Adams v. Bradshaw*, 644 F.3d 481, 484 (6th Cir. 2011), hereinafter "*Adams I*."[1] Lindsey filed his Second Amended Petition adding those two claims on August 3, 2012. (ECF No. 95.)

A little over a year later, on September 6, 2013, Lindsey filed a Motion to Stay consideration of his newly added method-of-execution claims, due to the State of Ohio's announced intent to issue a new execution protocol. (ECF No. 106.) On October 25, 2013, Lindsey filed a Supplemental Motion to Stay, noting that Ohio had made considerable changes to its execution protocol and requesting sixty (60) days to amend his method-of-execution claims and request whatever discovery might be necessary. (ECF No. 109.) Before the Court could rule on his request, Lindsey on January 10, 2014 filed a Second Motion to Stay consideration of his method-of-execution claims, specifically requesting sixty (60) days from the date that Ohio carried out its next scheduled execution under the newest protocol, to wit: the January 16, 2014 execution of Dennis McGuire. (ECF No. 112.)

Two months after that execution, on March 17, 2014, Lindsey requested another extension of time to amend his method-of-execution claims. (ECF No. 114.) "By all accounts," according to Lindsey, "it was a horrendous, tortuous, lingering death." (*Id.* at PageID 1645.) Noting that the State of Ohio was conducting an investigation into the McGuire execution, Lindsey requested sixty (60) days from the date the State of Ohio issued its report following the

---

[1] In *Adams I*, the Sixth Circuit rejected the Warden's argument that challenges to a particular method by which lethal injection will be conducted are not cognizable in habeas corpus. The Sixth Circuit dismissed the Warden's position as "too broad," explaining that Adams had not conceded the existence of an acceptable alternative method and that Adams's claim, if successful, could render his death sentence effectively invalid.

2

investigation to amend or supplement his method-of-execution claims.[2] Following several extensions of time, Lindsey filed a Third Amended Petition on April 20, 2015, replacing his two general method-of-execution claims with ten detailed method-of-execution claims that essentially mirrored claims being litigated in the § 1983 action captioned *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016. (ECF No. 161.) The Warden filed an Amended Return of Writ on May 22, 2015. (ECF No. 125.)

Nearly two months later, on July 10, 2015, this Court vacated its order for Lindsey to file an Amended Traverse, and instead directed him to file a new motion to amend not only so he could tailor his method-of-execution claims to yet another iteration of the execution protocol (dated June 29, 2015), but also so he could address the impact of the Supreme Court's *Glossip v. Gross*, 135 S.Ct. 2726 (2015) decision on the Sixth Circuit's *Adams I* decision vis-à-vis the continued viability of method-of-execution claims raised in habeas corpus. (ECF No.130.) *Glossip* involved a § 1983 challenge by Oklahoma death row inmates to the use of midazolam as the first drug in Oklahoma's three-drug execution protocol, but included a comment characterizing the Supreme Court's prior precedent as holding that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Glossip*, 135 S.Ct. at 2738. Lindsey filed his Motion for Leave to File a Fourth Amended Petition on August 7, 2015. (ECF No. 131.)

Before the Court could issue a ruling on Lindsey's motion, the Sixth Circuit on March 15, 2016 issued another decision in *Adams v. Bradshaw*, 817 F.3d 284 (6th Cir. 2016),

---

[2] McGuire was the first (and only) inmate whom Ohio executed using an intravenous injection of midazolam and hydromorphone, and witnesses reported that McGuire demonstrated

3

hereinafter "*Adams II*." After ruling in *Adams I* that Adams could pursue his lethal injection claim in habeas, the Sixth Circuit remanded the case to the district court for factual development on that lethal injection claim. The district court complied, after which it again denied relief. On appeal, the Sixth Circuit acknowledged as an initial matter, "our recent holding that lethal injection does not violate the Constitution." *Id.* at 296-97 (citing *Scott v. Houk*, 760 F.3d 497, 512 (6th Cir. 2014) ("Simply put, lethal injection does not violate the Constitutional per se.")). The Sixth Circuit ultimately affirmed the denial of relief on Adams's lethal injection claim, but as to the claim's viability in habeas corpus, noted as follows:

> Lastly, notwithstanding the warden's assertion that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d at 483, however, Adams's case is distinguishable from that presented in *Hill* because at least some of Adams's claims, if successful, would bar his execution, and Adams does not concede that lethal injection can be administered in a constitutional manner. *Cf. Hill*, 547 U.S. at 580, 126 S.Ct. 2096.

*Adams II*, 817 F.3d at 299. The Sixth Circuit proceeded to note that despite not prevailing in habeas corpus, Adams could "still have a means of exploring his method-of-execution claim in his § 1983 action challenging Ohio's lethal injection protocol." *Id.* (citing *In re Ohio Execution Protocol Litigation*, No. 2:11-cv-1016 (S.D. Ohio)).

In response to *Adams II*, this Court two days later, on March 17, 2016, issued an Opinion and Order denying Lindsey's most recent motion for leave to file an amended petition (ECF No. 131), without prejudice and subject to renewal following briefing on the impact of *Adams II*.

---

repeated gasps and other movements during the process.

(ECF No. 134.) Specifically, the Court gave Lindsey fourteen (14) days from the date that the *Adams II* mandate issued to file a supplemental memorandum in support of his motion for leave to file an amended petition.

In response to that Order, as well as similar orders issued in other capital habeas corpus cases, the Warden, on March 30, 2016 filed a Motion to Clarify in the Sixth Circuit. (Case No. 07-3688, Doc. 175-1.) After agreeing that the panel had rightly dismissed Adams's petition on the merits, the Warden issued the following request:

> The Warden respectfully asks, in the interest of judicial economy, for clarification of one paragraph of the panel opinion that is causing confusion among the lower courts in a significant number of cases. The panel should clearly state that *Adams I* only allows a "*per se*" challenge to lethal injection brought under § 2254. Any challenge to "the particular procedure" for lethal injection laid out in Ohio's lethal injection protocol, Panel op. at 16, must be brought under § 1983."

*Id.* at Page 2. The Sixth Circuit granted the Warden's motion (Doc. 176), and on June 13, 2016, issued an Amended Opinion and Judgment (Doc. 177): *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), hereinafter "*Adams III*."

In *Adams III*, the Sixth Circuit left unchanged its holdings from *Adams II* that lethal injection does not violate the Constitution per se, and that Adams's lethal injection challenge did not warrant habeas corpus relief. *Id.* at 318-20. With respect to the issue of whether Adams could even bring his lethal injection claim in habeas corpus, the Sixth Circuit expanded on the "yes" it had set forth in *Adams II* as follows:

> Lastly, notwithstanding the warden's observation that a method-of-execution challenge can only be brought in a § 1983 action under *Hill v. McDonough*, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), Adams can bring this claim in a § 2254 proceeding. As the warden submits, *Glossip* stated that *Hill* "held that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S.Ct. at 2738. As we observed in *Adams*, 644 F.3d

5

at 483, however, Adams's case is distinguishable from *Hill* because Adams argues that lethal injection cannot be administered in a constitutional manner, and his claim "could render his death sentence effectively invalid." *Cf. Hill*, 547 U.S. at 580, 126 S.Ct. 2096. Our decision in *Adams* is consistent with the Supreme Court's reasoning in *Nelson*, which suggested that, under a statutory regime similar to Ohio's, "a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." 541 U.S. at 644, 124 S.CT. 2117. Thus, to the extent that Adams challenges the constitutionality of lethal injection in general and not a particular lethal-injection protocol, his claim is cognizable in habeas. *Adams*, 644 F.3d at 483. However, as the Supreme Court observed in *Glossip*, a challenge to a particular procedure that concedes the possibility of an acceptable alternative procedure is properly brought in a § 1983 action. *Glossip*, 135 S.Ct. at 2738.

*Adams III*, 826 F.3d at 320-21.

The *Adams III* mandate issued on January 23, 2017 and, following an extension of time, Lindsey on March 8, 2017 filed the instant Supplemental Memorandum in Support of his Renewed Motion to File an Amended Petition. (ECF No. 144.) The Warden filed a Memorandum in Opposition on March 16, 2017. (ECF No. 145.) Lindsey filed no reply.

But on October 25, 2017, the Sixth Circuit issued *In re: Campbell*, 874 F.3d 454, 460-64 (6th Cir. 2017) holding that Campbell's claims[3] attacking the constitutionality of Ohio's lethal-injection protocol were *not* cognizable in Campbell's second-in-time petition. The *Campbell* panel explained that despite Campbell's argument that Ohio's inability to constitutionally execute him by lethal injection effectively invalidated his death sentence:

> [I]t is clear that Campbell is seeking an injunction against a particular method of execution as applied to him, rather than an order vacating his death sentence entirely. *See id.* at 407 n. 2. That relief is not available in a habeas corpus action.

---

[3] The Sixth Circuit characterized Campbell's claims as: "(1) that recent changes to Ohio's execution protocols raise new factual claims that could not have been brought in his first habeas petition; (2) that his newly worsened medical conditions render all lethal injections unconstitutionally painful; and (3) that there is no meaningful difference between mental incompetency (which precludes execution under the Eighth Amendment) and his severe physical ailments." *Campbell*, 874 F.3d at 464.

6

> He has therefore not pled any new facts that, if proven, would absolutely prohibit his execution. Neither has he brought any newly ripe legal challenges that would, if successful, require us to vacate his death sentence. \*\*\*

*Campbell*, 874 F.3d at 467.

In so holding, the *Campbell* panel dismissed as dictum the *Adams III* panel's characterization of *Adams I*, *Adams II*, and *Glossip* as allowing method-of-execution claims to be raised in habeas corpus. *Id.* at 464. The *Campbell* court reminded, "[O]f course, dictum in a prior decision—as opposed to a *holding*—does not bind future panels, including this one." *Id.* The *Campbell* court then announced in no uncertain terms that *Glossip* is controlling and makes clear that, "in the peculiar context of method-of-execution claims—the death row inmate must proceed under § 1983." *Id.*

**Analysis**

A motion to amend a habeas corpus petition is, per 28 U.S.C. § 2242, subject to the same standards which apply generally to motions to amend under Fed. R. Civ. P. 15(a). The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing *Foman* standard). In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss

7

under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Commc'n. Sys., Inc. v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Dev. Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman*, 371 U.S. 178; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990).

The Sixth Circuit's *Campbell* decision is dispositive. The parties' arguments before this Court understandably target the impact of the *Adams* decisions. In the wake of *Campbell*, however, those arguments lack merit.

In *Campbell*, the Sixth Circuit explained as follows:

> *Glossip* therefore closed the hypothetical door left open by *Nelson*, *Hill*, and *Adams II*. No longer can a method-of-execution claim impair a death sentence itself. And since a method-of-execution claim can no longer "attack the validity of the prisoner's conviction or death sentence," a habeas court cannot act upon it. *Id.* at 2738. Thus, the *Glossip* Court necessarily barred all habeas petitions challenging "a particular application of a particular protocol to a particular person" as unconstitutionally painful. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). These challenges are properly remedied by an injunction prohibiting the state from *taking certain actions*, rather than a writ of habeas corpus that vacates the sentence entirely.

*Campbell*, 874 F.3d at 462 (emphasis in original).

As Magistrate Judge Merz recently observed in *Bays v. Warden, Ohio State Penitentiary*, Case No. 3:08-cv-076, 2017 WL 5128277 (S.D. Ohio Nov. 6, 2017), as to four method-of-execution claims he had previously allowed to be added to the habeas corpus petition:

> *Campbell* is fatal to the cognizability of Bays' Sixteenth, Seventeenth, and

8

> Eighteenth Grounds for Relief in habeas corpus. Each of them is a method/manner of execution claim under the Eighth or Fourteenth Amendment seeking to have Bays' death sentence invalidated without pleading an alternative method or manner. As noted above, Bays is a plaintiff in the Protocol Case and has in that case pleaded an alternative method of execution. Under *Campbell*, he must be remanded to that remedy.

*Bays*, 2017 WL 5128277, at *4.[4] *See also McKnight v. Bobby*, Case No. 2:09-cv-059, 2018 WL 524872, at *1-2 (S.D. Ohio Jan. 24, 2018) (Dlott, D.J.); *Raglin v. Mitchell*, Case No. 1:00-cv-767, 2017 WL 6629102, at *3-5 (S.D. Ohio Dec. 29, 2017) (Merz, M.J.); *Turner v. Hudson*, Case No. 2:07-cv-595, 2017 WL 6209022, at *3-5 (S.D. Ohio Dec. 6, 2017) (Merz, M.J.). In a Supplement to his November 6, 2017, Report and Recommendations in *Bays*, Magistrate Judge Merz observed:

> [W]hether or not *Campbell* creates binding precedent, it is clearly intended to provide guidance to the district courts by sorting out the appropriate forum in which to bring method-of-execution claims. Whether or not we are bound to follow Campbell, we should do so because it makes the appropriate allocation of those claims to § 1983 cases.

*Bays v. Warden*, Case No. 3:08-cv-076, 2017 WL 6035231, at *7 (S.D. Ohio Dec. 6, 2017).

This result is consistent with the Sixth Circuit's recent opinion in *In re: Kenneth W. Smith*, No. 17-4090, 2018 U.S. App. LEXIS 8083 (6th Cir. Mar. 29, 2018). In *Smith*, Smith appealed from the District Court's order transferring his amended second-in-time petition to the Sixth Circuit as an unauthorized second or successive petition. At issue were four claims that Smith had added challenging his impending execution by lethal injection. Smith argued that his second-in-time petition was not second or successive because Ohio's switch of its method from

---

[4] Magistrate Judge Merz originally recommended dismissal of the fourth of Bays' method-of-execution claims as non-cognizable because it was based on federal statutory law instead of the Constitution, but changed his recommendation to dismissal on the basis of *Campbell*. *Bays*, 2017 WL 5128277, at *4.

9

electrocution to lethal injection constructively amended the judgment against him. A three-judge panel denied his request for fuller briefing on that issue, explaining:

> [S]mith's argument is both creative and debatable, and were it capable of determining the result in this case, we would grant Smith's motion for fuller briefing on the question. Unfortunately for Smith, however, binding precedent makes clear that there is a more foundational problem with Smith's petition: he is challenging a particular method of execution, and this court has declared that such claims "must proceed under § 1983." *In re Campbell*, 874 F.3d 454, 464 (6th Cir.), *cert. denied*, 138 S.Ct. 466 (2017); *see also id.* at 465-67. There is thus no remedy for him in habeas, and no indication that he otherwise qualifies to evade or satisfy the demands of § 2244(b). *See id.* at 467.
>
> [S]mith seeks to elude this result by arguing that the precedent that compels it, *Campbell*, lacks the power to bind us. He points out that it conflicts with a statement that we made in *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), *cert. denied*, 137 S.Ct. 814 (2017), and argues that the *Adams* statement should control, given our circuit's stare decisis rule, *see Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 696 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") But Smith fails to reckon with an important limit to this rule: that the rule protects holdings, but not dicta, against invasion by later panels. *Williams v. Anderson*, 460 F.3d 789, 811 (6th Cir. 2006). And as the majority in *Campbell* emphasized, the contradictory statement at issue was not "necessary to" *Adams*'s result, and thus was, instead, dictum. *Campbell*, 874 F.3d at 464 (quotation marks omitted); *see Adams*, 826 F.3d at 320 (noting that Adams's claim was "precluded: because he had "failed to present [it] to the state courts, nor did he raise it in his habeas petition," before proceeding to discuss the merits of Adams's arguments); *see also, e.g., United States v. Stevenson*, 676 F.3d 557, 561-62 (6th Cir. 2012) (distinguishing holdings from dicta). In other words, we are indeed required to apply *Campbell*, and *Campbell* forecloses Smith's claim.

*Smith*, 2018 U.S. App. LEXIS 8083, at *4-5.

The various iterations of method-of-execution claims that Lindsey has added and now seeks to add to his Petition, like Bays' claims, constitute method/manner claims under the Eighth or Fourteenth Amendment. Under *Campbell*, such claims are not cognizable in habeas corpus. This conclusion does not leave Lindsey without remedy, however, as he, like Bays, is a plaintiff

10

in *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016. That is where Lindsey can and must pursue his method-of-execution claims.

In summary, permitting Lindsey to amend would be futile because his proposed method-of-execution claims would not survive a motion to dismiss.

## Conclusion

For the foregoing reasons, Lindsey's Supplemental Memorandum (ECF No. 144) in Support of his Renewed Motion to File an Amended Petition (ECF No. 131) is **DENIED**.

*IT IS SO ORDERED.*

9-26-2018
DATED

EDMUND A. SARGUS, JR.
**Chief United States District Judge**

11